**SEGRETI v. ACHESON, Secretary of State.**

No. 11057.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 11, 1952.

Decided March 20, 1952.

Joseph M. Bonuso, Washington, D. C., for appellant.

William R. Glendon, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. at the time the brief was filed, and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Charles M. Irelan, U. S. Atty. at the time of argument, Washington, D. C., also entered an appearance for appellee.

Before CLARK, WILBUR K. MILLER and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

Appellant was born in Italy September 28, 1913. At that time her father was a naturalized citizen of the United States. He reacquired Italian citizenship by *force* of Italian law through continued residence in Italy from 1912 to 1919. Thus, appellant became a *national of both countries*. Perkins v. Elg, 1939, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320. In 1931–32 appellant visited the United States with her mother and sister for about a year, returning with them to Italy when eighteen years of age. Since then she has lived continuously in Italy. She became twenty-one years of age September 28, 1934, but took no steps to assert American citizenship and made no effort to come to the United States until January, 1947, when at the age of thirty-three she applied for an American passport, which was refused. More than two years later she filed suit in the District Court seeking a declaratory judgment that she was an American citizen. The Court denied the petition and entered judgment for the appellee. This appeal was taken.

We hold that this case is covered by the long-established principle recognized and followed by the Supreme Court in Perkins v. Elg, supra, that a child living abroad and possessing dual nationality through the action of his father, may upon reaching majority elect to preserve his American citizenship by promptly returning to this country and assuming the duties thereof, or conversely, by failing to do so retain his foreign nationality. See also Mandoli v. Acheson, D.C.Cir., 193 F.2d 920.

Affirmed.