STATE EX REL. LA FOLLETTE, Relator, v. CIRCUIT COURT FOR BROWN COUNTY, and others, Respondents.

*December 1—December 22, 1967.*

332

For the relator the cause was argued by *Robert E. Sutton,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondents there was a brief by *Cohen, Parins, Cohen & Grant* of Green Bay, and oral argument by *Meyer M. Cohen* and *Peter N. Flessas* of Milwaukee.

CURRIE, C. J. We have before us these three issues:

(1) Will prohibition lie to prevent a circuit court from discharging, without remand to the committing juvenile court, a substantial number of inmates of the state reformatory, where it is claimed in behalf of the state that such absolute discharge is contrary to law?

(2) Is *In re Gault* retroactive, in regard to a juvenile's right to counsel at a delinquency hearing?

(3) Does a habeas court have the authority and the duty to remand to the jurisdiction of the juvenile court

of originating commitment petitioners who have successfully challenged their juvenile commitments?

*Prohibition.*

Art. VII, sec. 3 of the Wisconsin Constitution grants to this court general superintending control over all inferior courts.[2] In *State ex rel. Reynolds v. County Court,*[3] this court stated:

"The superintending power includes the review of judicial actions of inferior courts and extends to judicial as well as jurisdictional errors committed by them. In exercising this power of superintending control, this court is not restricted to the use of common-law writs and is limited only by the necessities of justice. It may use such common-law writs and means as are applicable, or expand the ordinary use of such writs to meet the exigencies and necessities of the case before it."[4]

While it is the general rule that prohibition will not lie where there is an adequate remedy by appeal,[5] this is subject to the exception that it is a proper remedy where the relief by appeal would come too late for ef-

---

[2] "The supreme court, except in cases otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be coextensive with the state; but in no case removed to the supreme court shall a trial by jury be allowed. The supreme court shall have a general superintending control over all inferior courts; it shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, and other original and remedial writs, and to hear and determine the same."

[3] (1960), 11 Wis. 2d 560, 105 N. W. 2d 876.

[4] *Id.* at page 565. *See also State ex rel. Kiekhaefer v. Anderson* (1958), 4 Wis. 2d 485, 490, 90 N. W. 2d 790, holding that prohibition may be invoked against a court or judge in case of nonjurisdictional error.

[5] *State ex rel. Kiekhaefer v. Anderson, supra,* footnote 4, at page 491; *Newlander v. Riverview Realty Co.* (1941), 238 Wis. 211, 225, 298 N. W. 603; and *State ex rel. Fieldhack v. Gregorski* (1956), 272 Wis. 570, 572, 76 N. W. 2d 382.

fective redress and grave hardship would result if the writ were not issued.[6] Here, the attorney general represents the interests of the state. Great public harm might result, if a large number of juveniles, who have committed offenses which would have subjected adult perpetrators to long terms of imprisonment, were to be absolutely discharged instead of remanded to the committing juvenile courts, pending the time for appellate review of the order in Napoleon v. Skaff. This is clearly a case where the redress by way of appeal might well be too late to accomplish the objective sought by the instant action.

We have no hesitancy in determining that prohibition will lie here.

### Retroactivity.

The state concedes that *Gault* must be retroactively applied, at least as far as the right to representation by counsel at the critical stage of the delinquency hearing. The pleadings in this action establish that there are approximately 150 juveniles confined in the state reformatory who, as indigents, are presently processing petitions for the appointment of counsel so that they may commence habeas corpus actions based upon *Gault*.

In *Gideon v. Wainwright* [7] the United States Supreme Court decided that due process required that an adult have the right to the assistance of counsel at the critical

---

[6] Wickhem, *The Power of Superintending Control of the Wisconsin Supreme Court*, 1941 Wis. L. Rev. 153, 161; *State ex rel. Beaudry v. Panosian* (1967), 35 Wis. 2d 418, 422, 151 N. W. 2d 48; *State ex rel. Gaynon v. Krueger* (1966), 31 Wis. 2d 609, 614, 143 N. W. 2d 437; *Drugsvold v. Small Claims Court* (1961), 13 Wis. 2d 228, 232, 108 N. W. 2d 648; *State ex rel. Kiekhaefer v. Anderson, supra,* footnote 4, at page 490; *State ex rel. Ampco Metal v. O'Neill* (1956), 273 Wis. 530, 535, 78 N. W. 2d 921, 62 A. L. R. 2d 501.

[7] (1963), 372 U. S. 335, 83 Sup. Ct. 792, 9 L. Ed. 2d 799.

stage of trial in a criminal prosecution. This decision has been given retroactive effect by the United States Supreme Court.[8]

While state courts have divided as to whether *Gault* should be given retroactive effect,[9] we consider the better reasoned decisions are those which accord *Gault* retroactive effect.

In *Gault* the court made it very clear that the juvenile's right to counsel at the delinquency hearing is as crucial as the adult's right to counsel at trial. The court stated:

"The probation officer cannot act as counsel for the child. His role in the adjudicatory hearing, by statute and in fact, is as arresting officer and witness against the child. Nor can the judge represent the child. There is no material difference in this respect between adult and juvenile proceedings of the sort here involved. In adult proceedings, this contention has been foreclosed by decisions of this Court. [citing *Gideon*] A proceeding where the issue is whether the child will be found to be 'delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution. The juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child 'requires the guiding hand of counsel at every step in the proceedings against him.' Just as in *Kent v. United States,* supra, at 561–562,

[8] *Stovall v. Denno* (1967), 388 U. S. 293, 297, 87 Sup. Ct. 1967, 18 L. Ed. 2d 1199; *Tehan v. Shott* (1966), 382 U. S. 406, 416, 86 Sup. Ct. 459, 15 L. Ed. 2d 453. *See also Linkletter v. Walker* (1965), 381 U. S. 618, 639, 85 Sup. Ct. 1731, 14 L. Ed. 2d 601, and *Johnson v. New Jersey* (1966), 384 U. S. 719, 727, 728, 86 Sup. Ct. 1772, 16 L. Ed. 2d 882.

[9] Arizona and Massachusetts have held its effect to be retroactive. *Application of Billie* (1967), 6 Ariz. App. 65, 429 Pac. 2d 699; *Marsden v. Commonwealth* (Mass. 1967), 227 N. E. 2d 1. Maryland and Virginia have held contra, where the issue to be decided was representation by counsel at a waiver hearing. *State v. Hance* (1967), 2 Md. App. 162, 233 Atl. 2d 326; *Cradle v. Peyton* (1967), 208 Va. 243, 156 S. E. 2d 874.

we indicated our agreement with the United States Court of Appeals for the District of Columbia Circuit that the assistance of counsel is essential for purposes of waiver proceedings, so we hold now that it is equally essential for the determination of delinquency, carrying with it the awesome prospect of incarceration in a state institution until the juvenile reaches the age of 21." [10]

The court also stated:

"Failure to observe the fundamental requirements of due process has resulted in instances, which might have been avoided, of unfairness to individuals and inadequate or inaccurate findings of fact and unfortunate prescriptions of remedy." [11]

We conclude that the state very properly conceded that *Gault* must be given retroactive effect by our Wisconsin courts, at least as far as the right to counsel at the delinquency hearing.

### *Remand.*

It is the position of the attorney general that, where a juvenile inmate of the state reformatory establishes in a habeas corpus action prosecuted in circuit court that his commitment by the juvenile court violated his federal constitutional right to counsel, he is not entitled to an absolute discharge but only to a discharge from his confinement in the reformatory with a remand back to the committing juvenile court.

Respondents, on the other hand, contend that the provisions of sec. 292.20, Stats., require the circuit court in such a situation to issue an order absolutely discharging the juvenile petitioner. This statute provides:

"If no legal cause be°shown for such imprisonment or restraint or for the continuance thereof the court or judge shall make a final order discharging such party from the custody or restraint under which he is held."

[10] *Supra*, footnote 1, at pages 36, 37.
[11] *Id.* at pages 19, 20.

We construe the words "custody or restraint under which he is held" to refer to that of the juvenile's confinement at the reformatory. There is no requirement that the discharge reach further back than the point at which the constitutional error occurred. If such error invalidated the juvenile court delinquency proceeding from its inception, the discharge should be absolute. On the other hand, if such court validly had jurisdiction over the custody of the juvenile by reason of his presence in juvenile court at the time the constitutional error occurred, then the discharge should only extend to the custody at the reformatory and there should be a remand to the juvenile court. We ground this determination upon the interpretation of secs. 292.20 and 292.24, Stats., made in *State ex rel. Doxtater v. Murphy* [12] and *State ex rel. Drankovich v. Murphy.* [13]

This court, in the past, has sought to make clear the process of habeas corpus in Wisconsin. In *In re Exercise of Original Jurisdiction,* [14] this court suggested the procedure to be followed by attorneys in preparing habeas corpus petitions. In *State ex rel. Doxtater v. Murphy* this court denied the petition for habeas corpus, because the petitioner had a complete and adequate remedy of appeal or writ of error. However, the court, to be of assistance to counsel in preparing habeas corpus petitions, went on to discuss the erroneous strategy employed by the petitioner's counsel. The court stated:

"Counsel for petitioner apparently was of the view that by appealing or suing out a writ of error, the petitioner would waive jeopardy. That is undoubtedly true. However, the proceedings in this case were regular so far as arrest and holding the petitioner for trial were concerned. So that whether he were here on an appeal or pursuant to a writ of *habeas corpus, he would in either event be remanded for further proceedings in the trial*

[12] (1946), 248 Wis. 593, 22 N. W. 2d 685.
[13] (1946), 248 Wis. 433, 22 N. W. 2d 540.
[14] (1930), 201 Wis. 123, 229 N. W. 643.

*court,* it being within the power of the appellate court to remand him, to discharge him, or admit him to bail as the circumstances of the case may require. This is not a case where the statute under which he was prosecuted was void because unconstitutional, or where the court failed to gain jurisdiction by reason of some defect in the proceeding, but is a case where the court by reason of jurisdictional error pronounced an invalid sentence. See *State v. Bloom* (1863), 17 Wis. *521.

"It is only when no legal cause is shown for the imprisonment of the petitioner that the court or judge is required to make and file an order discharging the petitioner from custody. (Sec. 292.20, Stats.)

"Sec. 292.24, Stats., provides:

" 'If the prisoner be not entitled to his discharge and be not bailed the court or judge shall remand him to the custody from which he was taken, if the person under whose custody he was, be legally entitled thereto; if not so entitled, he shall be committed to his legal custodian.'

"The procedure prescribed by sec. 292.24, Stats., was followed in the *Drankovich Case, supra,* decided April 12, 1946." (Emphasis supplied.) [15]

In *Doxtater* the court stated that the trial court had clearly erred by failing to advise the defendant (charged with the felony of assault with intent to commit rape), upon the arraignment and before plea, of his statutory right to counsel. [16] However, the court held that he would not have been entitled to an absolute discharge, because ". . . the proceedings in this case were regular so far as arrest and holding the petitioner for trial were concerned."

In *State ex rel. Drankovich v. Murphy,* referred to in *Doxtater,* the court vacated the judgment and sentence of the trial court, because the defendant had not been advised at the arraignment of his right to counsel. The court remanded the petitioner to the custody of the sheriff, noting that he could be rearraigned on the orig-

[15] *Supra,* footnote 12, at page 603.
[16] *Id.* at page 601.

inal information.[17] In *Doxtater* the court noted that this remand was pursuant to sec. 292.24, Stats.

It is apparent from the court's statutory interpretation made in *Doxtater* and *Drankovich* that the word "discharge" as used in the context of sec. 292.20, Stats., is accorded a somewhat different meaning than the "discharge" employed in sec. 292.24. In sec. 292.24 it means an absolute discharge, while in sec. 292.20 it is accorded a broader meaning so as to embrace a limited discharge from the custody of the penal institution in which the prisoner is then confined as well as an absolute discharge from all custody. While the interpretation placed on sec. 292.24 so as to authorize a remand to the trial court by the habeas court may be somewhat strained, it is one to which this court is thoroughly committed and which we would not feel at liberty to change even if we deemed it desirable, which we do not. A construction given to a statute by this court becomes a part thereof unless the legislature subsequently amends the statute to effect a change.[18]

In stating that this court was thoroughly committed to the interpretation made of sec. 292.24, Stats., we not only had in mind *Doxtater* and *Drankovich* but subsequent and more recent habeas corpus actions in our court, not reported, in which we have remanded to the trial court, where the constitutional error for which relief is granted occurred after the trial court had acquired jurisdiction over the accused. Sec. 292.03 makes it clear that ch. 292 is applicable to original action habeas corpus proceedings in our court.[19] In such proceedings we

---

[17] *Supra,* footnote 13, at page 439.

[18] *Sun Prairie v. Public Service Comm.,* ante, p. 96, 154 N. W. 2d 360, and cases cited in footnote 5 thereof.

[19] The last provision of sec. 292.03, Stats., provides: ". . . every application, made by or on behalf of a person sentenced to the state prison, must be made to the supreme court or to one of the justices thereof and shall be made returnable only to that court."

avoid the actual issuance of the writ of habeas corpus because this would necessitate ". . . the expense and hazard of bringing the defendant from the place of incarceration to the court room." [20] Instead of issuing the writ, we proceed to decide the merits of the habeas corpus action on the petition asking for the writ, as if the writ had been issued. However, we consider our court to be bound by the applicable provisions of ch. 292.

Respondents contend that the remand procedure violates sec. 292.32, Stats., which provides:

"No person who has been discharged by the final order of any court or officer upon a writ of habeas corpus issued pursuant to the provisions of this chapter shall be again imprisoned, restrained or kept in custody for the same cause . . . ."

This statutory provision concerns double jeopardy, and the words "discharged by the final order" must be interpreted as being confined to situations of absolute discharge. A discharge from the immediate custody of the reformatory and remand back to the trial court is not the type of discharge embraced within the quoted statutory language. This was made very clear in *Doxtater*.

Respondents further contended in oral argument that a remand can only be made to some authority (court or officer) which had custody of the prisoner at the time the constitutional error occurred by reason of the previous issuance of a warrant or capias. They urge that a committing juvenile court does not have custody otherwise. We disagree.

Secs. 48.19 and 48.20 of the Children's Code provide that whenever any person gives the juvenile court information tending to show the delinquency of a child, and investigation by court-authorized personnel confirms this, the court may authorize a "suitable person" to

---

[20] *In re Exercise of Original Jurisdiction, supra*, footnote 14, at page 129. *See also* Fairchild, *Post Conviction Rights and Remedies in Wisconsin*, 1965 Wis. L. Rev. 52, 59, 60.

draft a "petition" setting forth the facts constituting the delinquency of the child. Sec. 48.21 provides that if the child does not voluntarily appear before the court, after the filing of the petition, a summons shall issue. Sec. 48.23 provides that if the child does not respond to the summons, a warrant or capias may issue.

We are satisfied that it is implicit in the above procedure that the juvenile be physically present in juvenile court, before that court can commit him to the custody of the department of public welfare. This physical presence gives the juvenile court jurisdiction over the custody of the child. Furthermore, the necessity of appointing counsel in compliance with *Gault* does not arise until the juvenile court has acquired this jurisdiction over custody.

*Doxtater* and *Drankovich* establish that successful habeas corpus petitioners are to be remanded to the trial court, if such court had validly gained jurisdiction over them. Jurisdiction does not always require process. In *Pillsbury v. State* [21] the defendant argued that the issuance and service of a warrant is jurisdictional in the criminal process, and that the failure to issue and serve the warrant renders subsequent criminal proceedings void. This court rejected this concept and stated:

"The purpose of the warrant is to give the accused person notice that he is charged with an offense and to bring him before the magistrate so that he acquires jurisdiction over the person of the accused. Jurisdiction does not depend upon the warrant but upon the accused's physical presence before the magistrate. This jurisdiction over the accused may be obtained by his voluntary appearance or by use of a summons as well as by a warrant." [22]

Thus, if a juvenile's trial court record reveals a petition, and an appearance in court, which are not under attack by the juvenile in his habeas corpus petition, the

---

[21] (1966), 31 Wis. 2d 87, 142 N. W. 2d 187.

[22] *Id.* at page 92.

requisite jurisdiction for remand appears. If the petition does attack the validity of the juvenile proceeding from its inception and the circuit court determines that such attack is without merit, there also exists the necessary jurisdiction for remand. If the record in the habeas action in circuit court is silent with respect to the petitioning juvenile's physical appearance in juvenile court at the time of his commitment to the department, it will be presumed under the presumption of regularity which attaches to actions of courts, that the juvenile court at such time did have jurisdiction over the juvenile's custody.

With respect to the overall rationale of remand in habeas actions, where the constitutional error for which relief is granted has not vitiated the entire proceeding in the original action, the United States Supreme Court's decision in *In re Bonner* [23] is apposite. There a successful federal habeas corpus petitioner was remanded to the jurisdiction of the trial court pursuant to the federal statute which provided that such court could "dispose of the party as law and justice require." The court stated:

"In some cases, it is true, that no correction can be made of the judgment, as where the court had under the law no jurisdiction of the case—that is, no right to take cognizance of the offense alleged, and the prisoner must then be entirely discharged; but those cases will be rare, and much of the complaint that is made for discharging on *habeas corpus* persons who have been duly convicted will be thus removed." [24]

"The end sought by him—to be relieved from the defects in the judgment rendered to his injury—is secured, and at the same time the community is not made to suffer by a failure in the enforcement of justice against him." [25]

[23] (1894), 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149.

[24] *Id.* at page 262.

[25] *Id.* at page 261. *See also* 25 Am. Jur., *Habeas Corpus*, pp. 249, 250, secs. 153, 154; 39 C. J. S., *Habeas Corpus*, pp. 686–688, sec.

We deem it advisable to spell out the remand procedure to be followed by the circuit court, the department of public welfare, and the juvenile court, following entry by the circuit court of an order discharging the juvenile from custody at the reformatory and remanding him to the committing juvenile court.

The circuit court shall immediately mail a certified copy of its order to the committing juvenile court. On receipt of such copy of the order, the juvenile court shall direct the sheriff of the county in which it exercises jurisdiction, either in person, or by his undersheriff or a deputy, to proceed to the reformatory and assume the custody of the juvenile and transport him to the county in which the juvenile court sits. It shall be the duty of the department of public welfare to release custody to such sheriff, undersheriff, or deputy sheriff. The juvenile court, at the time it issues instructions to the sheriff, shall direct that the juvenile, upon his arrival in such county, be forthwith presented before such juvenile court.

Upon presentation of the juvenile before the juvenile court, the court shall proceed as if the juvenile was then making his initial appearance under an original petition filed pursuant to sec. 48.20, Stats. The court shall keep in mind the requirement of *Gault* for the appointment of counsel, if the juvenile is indigent. If, upon the initial presentation to the juvenile court of the juvenile following his remand from the reformatory, the date of hearing required by sec. 48.25, Stats., is then set by the court for some future date, the court shall by order provide either: (1) For the release of the juvenile, and the conditions thereof, pending such hearing; or (2) the detention of the juvenile pending the hearing.

In order that the proper procedure following remand shall be observed by all juvenile courts, we are directing

102 (a) ; 1 Alexander, *The Law of Arrest* (1949 ed.), pp. 758, 759, sec. 218.

the clerk of this court to forthwith mail a copy of this opinion to all juvenile court judges in the state.

*By the Court.*—A permanent writ of prohibition shall issue to respondents, as prayed for in the petition by the attorney general, consistent with this opinion.