## PAUL MARTIN HAMMER *v.* STATE OF MARYAND

[No. 198, September Term, 1967.]

*Decided February 7, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James B. Berry, Jr.,* for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Dickee M. Howard, Assistant Attorney General, Arthur A. Marshall, State's Attorney for Prince George's County,* and *Joseph J. Bonner, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant was 16 years of age when he was arrested on April 10, 1967 in Prince George's County, Maryland, driving an automobile which had been reported as stolen. After a hearing on April 14, 1967 the Circuit Court for Prince George's County, sitting as a juvenile court, waived jurisdiction and ordered the appellant held for action under "the regular Criminal Procedure," pursuant to the provisions of "Section 54 of Article 26

of the Annotated Code of Maryland, 1957, edition." The appellant was not represented by counsel at this hearing. On June 5, 1967, he was tried in the Circuit Court for Prince George's County by a jury under a warrant charging him with the larceny of the use of a motor vehicle, found guilty and, after a presentence investigation, sentenced to imprisonment for an indeterminate term not to exceed 4 years. On June 26, 1967 the court ordered him to be confined to Patuxent Institution "for the purpose of determining whether or not he is a defective delinquent."

On appeal the appellant contends that "there was such a denial of due process of law as to void the waiver of juvenile jurisdiction so that the trial court did not have jurisdiction to try the case."

The statement of facts in the appellant's brief contains the following:

> "On April 14, 1967, the Juvenile Courts for Prince George's County had a preliminary hearing in which the Master made his recommendation for a waiver of jurisdiction and the court then waived jurisdiction and bound the defendant over for trial as an adult.
> No counsel was present at this waiver proceeding and the defendant did not testify, produce witnesses in his own behalf nor was he advised that he could request counsel."

The waiver order is a part of the record before us, but none of the proceedings regarding the hearing resulting in the order are therein contained. However, the State, although pointing this out, adopted the appellant's statement of facts and, for the purposes of decision, we assume the facts as to the waiver hearing to be correct. The appellant concludes from these facts that he was denied due process of law and bases his conclusion on *Kent v. United States,* 383 U. S. 541, 86 S. Ct. 1045, decided March 21, 1966 and *In Re Gault,* 387 U. S. 1, 87 S. Ct. 1428, decided May 15, 1967. *Kent* was clearly concerned with the interpretation of the Juvenile Court Act of the District of Columbia and its effect, therefore, is limited to that jurisdiction. *State v. Hance,* 2 Md. App. 162, 167. The Supreme Court

declined to rest its decision on constitutional grounds. 383 U. S. at 556. *Gault* is a constitutional decision, limited to proceedings which determine juvenile delinquency. We stated in *Hance* that it is unclear whether it establishes constitutional principles applicable to waiver of jurisdiction proceedings (2 Md. App. at 167), but we assume for the purpose of decision here, without deciding, that the rules articulated in *Gault* are applicable in such state proceedings. We held in *Hance* that *Gault* is not retroactive. The appellant recognizes that his waiver hearing preceded the decision in *Gault* but urges that the *Gault* rules are applicable to him because his criminal trial was subsequent to that decision. Thus it is necessary that we determine the standard of retroactivity, mindful of the rule that the federal constitution neither requires nor prohibits retroactivity, *Linkletter v. Walker,* 381 U. S. 618, and that the courts may, in the interest of justice, make a rule prospective where the exigencies of the situation require. Various standards of retroactivity have been determined by the Supreme Court. See *Stovall v. Denno,* 388 U. S. 293; *Johnson v. New Jersey,* 384 U. S. 719; *Tehan v. Shott,* 382 U. S. 406. Conscious of the integrity of juvenile procedures as have been followed in this State, aware of the reliance on pre-*Gault* rules in juvenile proceedings and recognizing the necessity to avoid a disruptive effect on the administration of justice, we hold that the rulings in *Gault,* with respect to waiver of jurisdiction proceedings, shall apply, assuming they do apply, only to cases in which a hearing for determination of waiver in the court having jurisdiction to waive, first began after May 15, 1967. Encompassed in this holding is that the rulings in *Gault* do not apply, with respect to waiver proceedings, to cases in which any subsequent hearings for determination of waiver are held, even though after May 15, 1967, as a result of an appeal from an order of the hearing court, dispositive of the issue, passed at a first hearing which began on or before May 15, 1967.[1] Also by our hold-

---

1. In Montgomery County two judges of the People's Court are judges for juvenile causes only. Md. Code (1966 Repl. Vol.), Art. 26, § 72. Any interested party aggrieved by any order may appeal therefrom to the Circuit Court of Montgomery County where the case shall be tried *de novo.* § 87. Such cases are within our holding.

ing the rulings in *Gault* do not apply, with respect to waiver proceedings, to cases in which any subsequent hearings for determination of waiver are held, even though after May 15, 1967, upon grant in the discretion of the hearing court, when the first hearing on the issue began on or before May 15, 1967. By our holding, the rulings in *Gault* were not available to the appellant and we see no denial of due process from the record before us in the waiver of jurisdiction by the Circuit Court of Prince George's County sitting as a juvenile court. We find that the waiver was validly exercised and that the court in which the appellant was tried for the criminal offense had jurisdiction.

The appellant also alleges *pro se* that his trial counsel was "grossly negligent." This point was not tried and decided below and is not properly before us. Maryland Rules, 1085. We have consistently refused to consider the question of the competency of trial counsel under such circumstances for reasons as set forth in *Harris v. State,* 2 Md. App. 408. See also *McFadden v. State,* 1 Md. App. 511; *Sherrod v. State,* 1 Md. App. 433; *Howard v. State,* 1 Md. App. 379; *Charles v. State,* 1 Md. App. 222.

*Judgment affirmed.*