WILLIAM HALSTEAD *v.* STATE OF MARYLAND

[No. 205, September Term, 1967.]

122

*Decided May 6, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*William R. Lenhard* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *I. Elliott Goldberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

William Halstead, the appellant, was convicted of unauthorized use of a motor vehicle in the Criminal Court of Baltimore, Judge James K. Cullen presiding without a jury.

In view of the contentions it will be unnecessary to review the facts of the case.

Halstead first contends that the trial judge should have ordered a mistrial after the State offered into evidence a waiver of jurisdiction by the Juvenile Court. His reasoning is that under Maryland Rules 705 and 911 the waiver must be entered on the docket entries but need not be offered into evidence. He further reasons that the attempt to enter the waiver into evidence was a bad faith effort on part of the Assistant State's Attorney to call to the attention of the court the fact that Hal-

stead was considered "a bad boy" by the juvenile judge who allegedly, by custom and usage, did not waive juvenile juris-diction unless he, the judge, considered the juvenile "a bad boy." There are a number of answers to Halstead's contentions: (1) His objection to the evidence was sustained by the trial judge; there was no motion for a mistrial; therefore, under Maryland Rule 1085 there is nothing before this court to re-view; (2) there is nothing in the record to support the al-leged custom and usage and (3) there is nothing in the record to show the bad faith of the State's Attorney, but on the con-trary, it appears to be an innocent error because he was not familiar with Maryland Rules 705 and 911. This court will not assume that bias, prejudice or improper influence prejudiced the defendant; the burden is on him to show that such fact existed. *Charles v. State,* 1 Md. App. 222, 228 A. 2d 620, *Bor-man v. State,* 1 Md. App. 276, 229 A. 2d 440.

The second contention is that the court should have declared a mistrial at the time of sentencing. Since no motion for a mistrial was made, there is nothing before this court to review, Maryland Rule 1085. The contention seems to be that *In re Gault,* 387 U. S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (May 15, 1967) should be applied retroactively to void the waiver of jurisdiction by the juvenile court, since the sentencing was on June 26, 1967 and subsequent to the *Gault* decision, and Hal-stead, allegedly (this is not shown by the record) was without counsel at the waiver hearing. The record does show that the waiver was signed in the Juvenile Court on February 8, 1967. In *Hammer v. State,* 3 Md. App. 96, 238 A. 2d 567, we reviewed and rejected this contention. We held that *In re Gault* applied only to waiver hearings held subsequent to May 15, 1967, assuming, without deciding, that *In re Gault* required counsel at waiver hearings.

*Judgment affirmed.*