**In the Matter of Enoch CREEK, Jr.**

**No. 4320.**

District of Columbia Court of Appeals.

Argued Jan. 22, 1968.

Decided June 10, 1968.

Brian Michael Olmstead, Washington, D. C., for Enoch Creek, Jr.

Leo N. Gorman, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for the District of Columbia.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge:

■ In Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the United States Supreme Court held that "juvenile proceedings to determine 'delinquency,' which may lead to commitment to a state institution, must be regarded as 'criminal' for purposes of the privilege against self-incrimination." 387 U.S. at 49, 87 S.Ct. at 1455. The Court further ruled "that the constitutional privilege against self-incrimination is applicable in the case of juveniles as it is with respect to adults." 387 U.S. at 55, 87 S.Ct. at 1458. Earlier, in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Court held that the Fifth Amendment privilege against self-incrimination requires that admissions made to a police officer, during in-custody interrogation, be excluded from evidence at trial unless, before interrogation begins, the defendant is told: (1) that he has a right to remain silent; (2) that anything he says can be used against him at trial; (3) that he has a right to consult with an attorney; and (4) that if he cannot afford an attorney, one will be provided for him. The inescapable conclusion is that *Gault* requires that in a hearing to determine whether a juvenile has committed an offense for which he may be confined in a correctional institution, admissions made by the juvenile during in-custody questioning may not be introduced in evidence unless it is first shown that the *Miranda* warnings were given and the privilege against self-incrimination was intelligently waived. See 20 Baylor L.Rev. 113; 47 Ore. L.Rev. 166.

The record reveals that after trial by a judge, sitting without a jury, the Juvenile Court found that appellant had assaulted a man on a street and had taken his personal property. The finding of the court was based, in part, upon appellant's admissions "elicited by the questioning and requests" of a police detective after appellant was taken into custody. These admissions were used by the trial judge as direct evidence that appellant had committed the offense. Without these admissions, the Government did not have a prima facie case against appellant. The record also shows that appellant was not apprised of his *Miranda* rights before being subjected to the period of questioning that ended with the admissions.

As appellant's trial was conducted before *Gault* was decided, the question before us is whether *Gault* applies to a case in which the trial antedated the Supreme Court decision but which is still in the process of direct appeal. We do not here consider whether *Gault* applies retroactively to cases which became final [1] before the date on which Gault was decided.[2]

■ While the Supreme Court, if it so chooses, can make its decisions operate prospectively, the general rule in both civil and criminal cases is that "a change in

---

1. By "final" we mean cases in which the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari to the Supreme Court has elapsed or petition for certiorari has been denied.

2. On the question of retroactivity, see: Application of Billie, 6 Ariz.App. 65, 429 P.2d 699 (1967); Marsden v. Commonwealth, 227 N.E.2d 1 (Mass.1967); State ex rel. La Follette v. Circuit Court of Brown County, Br. 1, 37 Wis.2d 329, 155 N.W.2d 141 (1967). Contra, State v. Hance, 2 Md.App. 162, 233 A.2d 326 (1967); Cradle v. Peyton, 208 Va. 243, 156 S.E.2d 874 (1967).

law will be given effect while a case is on direct review." Linkletter v. Walker, 381 U.S. 618, 627, 85 S.Ct. 1731, 1736, 14 L.Ed.2d 601 (1965).[3] This is the principle which has been consistently followed since it was first enunciated by Chief Justice Marshall in United States v. Schooner Peggy, 1 Cranch 103, 2 L.Ed. 49 (1801):

> It is in the general true that the province of an appellate court is only to enquire whether a judgment when rendered was erroneous or not. But if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied * * * the [appellate] court must decide according to existing laws, and if it be necessary to set aside a judgment * * *. 1 Cranch at 110.[4]

The Court recently followed this general rule by granting certiorari and remanding for reconsideration in the light of Gault the case of an Ohio juvenile which the Ohio Supreme Court had decided two months before Gault was handed down. In Matter of Whittington, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625 (decided May 20, 1968).

This is the rule which has been followed in our jurisdiction. Longobardi v. Dulles, 92 U.S.App.D.C. 263, 204 F.2d 407 (1953), and cases cited therein. In a recent case, In Matter of Wylie, D.C.App., 231 A.2d 81 (1967), we applied this principle to a case involving the Gault principles. In that case, although the trial was held before Gault was decided, we relied on Gault in reversing the judgment of the Juvenile Court.

Accordingly, we . hold that the principles enunciated in Gault apply to

cases in which the trial was held before the Gault decision but which have not become final by exhausting the possibility of direct appeal. Since Gault makes the Miranda rules applicable to the Juvenile Court, and appellant's Miranda rights were clearly violated here, the judgment of the Juvenile Court must be reversed.

We do not find it necessary to consider any other alleged errors.

Reversed.

---

3. See also United States ex rel. Shott v. Tehan, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).

4. See also Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941); Carpenter v. Wabash R. Co., 309 U.S. 23, 60 S.Ct. 416, 84 L.Ed. 558 (1940); United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763 (1934).