SAMUEL R. HANCE *v.* DIRECTOR, PATUXENT
INSTITUTION

[No. 145, September Term, 1967.]

*Decided July 15, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This application for leave to appeal from an order of the Criminal Court of Baltimore denying the applicant post conviction relief contends that:

1. The hearing court was clearly erroneous in that there was insufficient evidence to support its findings of December 8, 1967.
2. The hearing court erred in that it was clearly erroneous in refusing to hear testimony at the remand hearing, in order to make explicit findings of fact and conclusions of law on the question of whether Hance's statement was voluntary in light of the single standard governing the admission of extrajudicial statements—that of voluntariness—to be determined by all of the circumstances surrounding the making of such statement consistent with the opinion filed September 29, 1967 by the Court of Special Appeals in *State v. Hance,* 2 Md. App. 162.

The petitioner was convicted of robbery with a deadly weapon in the Criminal Court of Baltimore on August 21, 1961 and was sentenced to not more than fifteen years in the Maryland State Reformatory for Males. He took no direct appeal. On July 9, 1963 he filed a petition under the Uniform Post Conviction Procedure Act. After a hearing before Judge Anselm Sodaro, relief was denied on October 24, 1963. No application for leave to appeal was filed. On August 8, 1966 petitioner filed a second petition and a hearing thereon was held on November 3, 1966 before Judge Meyer M. Cardin. Following this second hearing, the petitioner was granted a new trial, Judge Cardin holding, *inter alia,* that the confession was involuntarily given and hence was inadmissible.

From the order granting a new trial, the State filed an application for leave to appeal. In *State v. Hance, supra,* we granted

the State's application for leave to appeal, reversed Judge Cardin's order, and remanded the case for further proceedings so that "Judge Cardin may make explicit findings of fact and conclusions of law on the question of whether Hance's statement was voluntary in light of the single standard governing the admission of extrajudicial statements—that of voluntariness— to be determined by all of the circumstances surrounding the making of such statement." 2 Md. App. at pages 168-169. We further noted that the court on the remand should, as a preliminary matter, rule on the question of "whether Hance knowingly and intelligently waived the voluntariness question by failing to raise it either on direct appeal, or in his first petition for post conviction relief."

On November 9, 1967 Judge Cardin conducted a hearing in accordance with this court's remand in *Hance,* at which time applicant testified that he did not waive the voluntariness question by failure to raise it on direct appeal, or in his first post conviction petition, because he was ignorant of the fact that he could raise that contention. In his opinion filed on December 8, 1967, Judge Cardin noted that under the Post Conviction Procedure Act, Section 645A (c) of Article 27 of the Maryland Code (1967 Repl. Vol.), a subsequent petition under the Act could be dismissed on the ground of waiver where the petitioner made no adequate showing in such subsequent petition either of "special circumstances" to excuse the failure to raise the allegations in prior proceedings, or to rebut the presumption that the petitioner intelligently and knowingly failed to raise such allegations. Judge Cardin stated his belief that applicant was not ignorant of his right to raise the voluntariness question; that he was aware that grounds for relief, when timely raised, are proper in a petition under the Act; that the petitioner was cognizant of his right to raise such contention, since he raised eleven grounds in his original petition; and that the petitioner set forth no special circumstances to rebut the presumption of waiver.[1]

---

1. To the extent that the court based its finding of waiver upon former Rule BK 48 and *Kiah v. Warden,* 235 Md. 681, it did so erroneously. The proper basis for application of waiver principles

We find no reason, under the circumstances of this case, to disagree with the lower court's conclusion applying waiver principles under Section 645A (c).

Despite the lower court's conclusion that the voluntariness question had been waived as above indicated, it nevertheless considered the issue on its merits and found from the evidence that appellant's confession was voluntary. Since the preliminary question concerning the waiver question was decided against the applicant, there was, of course, no need to decide the voluntariness question. Hence, there was no need to hear further testimony on the question of the voluntariness of applicant's confession, and applicant's contention that the lower court erred in failing to permit such additional evidence is therefore without merit.

*Application denied.*

---

is found in Section 645A (c) of Article 27 and present Rule BK 48, amended on June 23, 1967, effective September 1, 1967. See *Jones v. Warden*, 2 Md. App. 343.