THE STATE OF NEW JERSEY,
IN THE INTEREST OF E. K.

Superior Court of New Jersey
Appellate Division

Argued December 15, 1969—Decided February 4, 1970.

Before Judges KILKENNY, LABRECQUE and LEONARD.

*Mr. John M. Cannel,* Assistant Deputy Public Defender, argued the cause for appellant, E. K. (*Mr. Stanley C. Van*

*Ness,* Public Defender, attorney, *Mrs. Miriam N. Span,* Assistant Deputy Public Defender, on the brief).

*Mr. George A. Cluff,* Asisstant Prosecutor, argued the cause for respondent, The State of New Jersey (*Mr. John G. Thevos,* Passaic County Prosecutor, attorney).

The opinion of the court was delivered by

KILKENNY, P. J. A. D. E. K. appeals from an order, dated May 21, 1969, denying his petition for post-conviction relief.

By his petition of April 28, 1969 he sought to have set aside two adjudications of juvenile delinquency made by the Passaic County Juvenile and Domestic Relations Court in 1953, and re-adjudications of the juvenile delinquencies as the result of rehearings in 1954 and 1955. E. K.'s sole claim for post-conviction relief is the assertion in his affidavit that, at the aforementioned hearings, he was not represented by legal counsel. In his words, "At no time prior to any of these aforementioned hearings was I informed of my right to have counsel appointed to represent me."

On this appeal, E. K. relies solely on his argument that "under the authority of *In re Gault* [387 *U. S.* 1, 87 *S. Ct.* 1428, 18 *L. Ed.* 2d 527 (1967)] the adjudication of delinquency made in the absence of counsel must be set aside." In other words, he contends that *In re Gault* is necessarily retroactive and applicable to invalidate these adjudications of juvenile delinquency extending back to 1953, 1954 and 1955.

In denying the petition for post-conviction relief the trial court concluded that the proceedings before it in 1953, 1954 and 1955 relating to petitioner "were regular considering the time at which those proceedings were conducted and that the petitioner's present confinement is not the result of any proceedings complained of in the present petition." The reference to "present confinement" relates to the fact that E. K. is now in our State Prison serving

a 2–5 year term for robbery, a crime unrelated to the old juvenile delinquency adjudications. There are also two outstanding concurrent sentences for embezzlement and uttering forged checks. He is now more than 21 years old.

We find *In re Gault* inapplicable under the totality of the circumstances herein. We need not decide herein the correctness of the decision in *State in the Interest of J. M.*, 103 *N. J. Super.* 88 (1968), in which the Union County Juvenile and Domestic Relations Court ruled that *In re Gault* was retroactive. That case is factually distinguishable from the instant one. There the juvenile offender was *actually in confinement* at Bordentown Reformatory as a result of an earlier adjudication of juvenile delinquency, following a hearing at which he had not been advised as to his right to counsel. The petitioner in this case is not in confinement by reason of an adjudication of juvenile delinquency. He is in State Prison on the aforementioned sentences by reason of his conviction of these adult crimes.

To allow E. K. to challenge now the validity of the 1953, 1954 and 1955 adjudications of juvenile delinquency on the technical ground asserted and based upon a decision made more than 14 years later, would open the floodgates and deluge our courts potentially with challenges by thousands of convicted juvenile offenders no longer in confinement, who were adjudicated juvenile delinquents under established procedures recognized as proper at the time. We are not concerned here with a person *now* confined by reason of a juvenile offense.

We can anticipate that if E. K. can cause the old convictions of juvenile delinquency to be set aside, his next step would be to question the propriety of his sentence for his adult crimes on the premise that, perhaps, the presentence report in the latter case made reference to the earlier juvenile delinquency record and possibly influenced the *quantum* of sentence imposed, thus mandating a remand for resentencing. Others in State Prison, who had an old record of juvenile delinquency, would be prompted to fol-

low suit. The adverse impact upon our over-burdened judicial system is obvious and incalculable. (Our Juvenile and Domestic Relations Courts are presently disposing of approximately 3000 current cases per month, according to the Administrative Director's October 1969 report.)

It is noteworthy that in reported cases of other jurisdictions, where *In re Gault* has been applied retroactively on the single ground that the petitioner had been confined as a result of an adjudication of delinquency in the absence of counsel or advice as to his right thereto, *the juveniles were still confined* for their delinquency when the appeal was heard. Each juvenile was released pending a new hearing. See *Application of Billie,* 103 *Ariz.* 16, 436 *P.* 2d 130 (Sup. Ct. 1968); *Marsden v. Commonwealth,* 227 *N. E.* 2d 1 (Mass. Sup. Jud. Ct. 1967); *State ex rel. La Follette v. Circuit Court of Brown County,* 37 *Wis.* 2d 329, 155 *N. W.* 2d 141 (Sup. Ct. 1967).

On the question of the retroactive application of judicial decisions, the Supreme Court set down the criteria in *Stovall v. Denno,* 388 *U. S.* 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199 (1967), as follows:

The criteria guiding resolution of the question implicates (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.

It cannot be disputed that, prior to *In re Gault,* our juvenile courts relied upon the old standards. The disruptive effect on the administration of justice of a retroactive application of the new standards in cases such as the one before us is self-apparent.

Maryland, Virginia and Florida have held that *In re Gault* did not apply retroactively where the issue to be decided was representation by counsel at a waiver hearing. See *State v. Hance,* 2 *Md. App.* 162, 233 *A.* 2d 326 (Ct. Spec. App. 1967), holding that retroactive application would

"have a disruptive effect on the administration of justice"; *Cradle v. Peyton*, 208 *Va.* 243, 156 *S. E.* 2d 874 (Sup. Ct. App. 1967), applying the criteria of *Stovall v. Denno, supra;* *State v. Steinhauer*, 216 *So.* 2d 214 (Fla. Sup. Ct. 1968), noting that juvenile proceedings are not criminal proceedings and no stigma attached to the juvenile growing out of a juvenile proceeding would justify reaching back of his release and vitiating the adjudication in the juvenile courts.

To apply *In re Gault* retroactively to all cases where juveniles were adjudicated delinquents, whether ever confined or not, whether presently confined or not, would really open a "Pandora's Box" and overwhelm our court system. The insignificant good to E. K., if any there be in view of his criminal record and present long-term confinement, would not warrant such action. He could not at this late date be effectively tried or punished for his juvenile delinquencies, if found guilty.

The order under review, denying E. K.'s petition for post-conviction relief, is affirmed.