206 So.2d 25 (1967)
Jerry Lee STEINHAUER, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-209.
District Court of Appeal of Florida. Third District.
December 12, 1967.
On Rehearing January 16, 1968.
*26 Robert L. Koeppel, Public Defender, and Marvin J. Emory, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PEARSON, Judge.
The appellant, Jerry Lee Steinhauer, was convicted upon two, two-count informations, in the Criminal Court of Record, which charged: (1) breaking and entering a dwelling with intent to commit a misdemeanor therein; to wit, malicious destruction of the personal property; and (2) breaking and entering a dwelling house with intent to commit a felony; to wit, grand larceny. He was sentenced to five years upon each information, sentences to run consecutively; that is, ten years. Thereafter, he filed an amended petition under Criminal Procedure Rule I, F.S.A. ch. 942 Appendix. The petition was summarily denied, and this appeal is from that order.
In his appeal from the summary denial of the Rule I petition, the appellant urges two points for reversal. The first contention is that the appellant was coerced into waiving the jurisdiction of the Juvenile Court and that this coercion is grounds for relief under Criminal Procedure Rule I. Secondly, the appellant contends that he was not advised of his right to counsel, and that he was not represented by counsel when he waived the jurisdiction of the Juvenile Court.
The critical question presented upon this appeal is whether a 16-year-old boy is entitled to counsel in the Juvenile Court at a hearing where he waives the jurisdiction of the Juvenile Court.[1]
We should first point out that under the decisions of this and other appellate courts of this State, published at the time of the trial court's denial of appellant's Rule I petition, the trial judge was correct in his determination that the petition did not state grounds for relief under Criminal Procedure Rule I. See In re T.W.P., Fla.App. 1966, 184 So.2d 507.
The recent decision of the United States Supreme Court in Application of Gault, *27 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), has substantially changed the law concerning procedure in the juvenile courts throughout the nation. The holding of the Supreme Court in the Gault case was that a juvenile is guaranteed the right to counsel under the due process clause of the Fourteenth Amendment. In the Gault case, the juvenile was not represented by counsel at a delinquency hearing.
In the instant case we are presented with a situation where no counsel was afforded at a time when the juvenile waived the jurisdiction of the Juvenile Court and was transferred to the court having criminal jurisdiction of the offense if committed by an adult. The State contends that the Gault decision is applicable only to direct juvenile proceedings and not to pre-judicial stages of the juvenile process such as a waiver proceeding. We cannot agree with the State's contention.
In the case of Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the Supreme Court was faced with a similar waiver of juvenile jurisdiction and transfer to a criminal court. The Supreme Court held that such a transfer without a hearing and without effective assistance of counsel was invalid and not permitted by statute. In reaching this conclusion the court expressly relied on the holding in Black v. United States, 122 U.S.App.D.C. 393, 355 F.2d 104 (1965). It was held in that case that transfer from a juvenile to a criminal court was a critically important step and one that was invalid if the juvenile was not advised of his right to either retained or appointed counsel.
In Application of Gault, supra, the Supreme Court referred to the Kent case. The Court stated that
"* * * Although our decision turned upon the language of the statute, we emphasized the necessity that `the basic requirements of due process and fairness' be satisfied in such proceedings;" that this and other cases "unmistakably indicate that, whatever may be their precise impact, neither the Fourteenth Amendment nor the Bill of Rights is for adults alone."
and, again in Gault, the Supreme Court said:
"* * * Just as in Kent v. United States, supra, 383 U.S. at 561-562, 86 S.Ct., at 1057-1058, we indicated our agreement with the United States Court of Appeals for the District of Columbia Circuit that the assistance of counsel is essential for purposes of waiver proceedings, so we hold now that it is equally essential for the determination of delinquency, carrying with it the awesome prospect of incarceration in a state institution until the juvenile reaches the age of 21."
We interpret what was said in Gault and Kent, when read together, to mean that the basic requirements of the due process clause of the Fourteenth Amendment require assistance of counsel whether it results in a transfer order or a commitment order. The purpose for creating juvenile courts was not to deprive a juvenile of his rights but to ameliorate the harshness of the criminal law. Certain niceties of evidentiary rules and technicalities of procedure may be relaxed in ascertaining the truth in a juvenile hearing, but substantial rights cannot be disregarded. It would be less than fair to hold that an accused is entitled to counsel at a trial, but not at a hearing where the results and consequences to him could be much more serious. See concurring opinion in Summers v. State, Ind. 1967, 227 N.E.2d 680, 684, which discusses the Kent case and its effect upon state transfer procedures.
The basis of the Gault decision is that unless counsel was tendered to the juvenile, subsequent proceedings are not in accord with due process of law. Therefore, we feel that the ruling in Gault must apply to cases both prospectively and retroactively.[2] *28 This view has been recognized in Application of Billie, 1967, 6 Ariz. App. 65, 429 P.2d 699; and Marsden v. Commonwealth, Mass. 1967, 227 N.E.2d 1; but see contra Cradle v. Peyton, 1967, 208 Va. 243, 156 S.E.2d 874.
The record on this appeal does not refute the allegations of the petition to the effect that the appellant was not tendered counsel. We must therefore reverse the order appealed and remand the cause for a full evidentiary hearing.
Having reached the decision in this case that reversal is required, it is not necessary for us to consider the sufficiency of appellant's allegation that he was coerced into his waiver of the jurisdiction of the Juvenile Court. But inasmuch as the trial judge may find it necessary to pass upon the sufficiency of this ground, and in order to obviate the necessity of a second appeal, we point out that the allegations of appellant's Rule I petition are not that he was induced to plead guilty or to confess. Therefore, the holdings in Reddick v. State, Fla.App. 1966, 190 So.2d 340; Jones v. State, Fla.App. 1964, 165 So.2d 191 and Lee v. State, Fla.App. 1965, 175 So.2d 95, are not applicable.
Accordingly, the order denying amended motion for relief pursuant to criminal procedure Rule I is reversed and the cause remanded for an evidentiary hearing thereon.
Reversed and remanded.

On Rehearing
A rehearing having been granted in the above named cause, and the case having been further considered upon the record and briefs and argument of attorneys for the respective parties, it is ordered and adjudged by the court that the opinion of this court filed December 12, 1967 in said cause be and the same is hereby reaffirmed and adhered to on rehearing.
NOTES
[1] See Sec. 39.02 Fla. Stat., F.S.A. (1965) for statutory authority for waiver of juvenile jurisdiction.
[2] For cases concerning problems of retroactivity of Supreme Court decisions, see Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); and Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).