216 So.2d 214 (1968)
The STATE of Florida, Petitioner,
v.
Jerry Lee STEINHAUER, Respondent.
No. 37078.
Supreme Court of Florida.
November 20, 1968.
*215 Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for petitioner.
Robert L. Koeppel, Public Defender, and Herbert M. Klein, Asst. Public Defender, for respondent.
THORNAL, Justice.
By petition for certiorari we have for review a decision of a district court of appeal allegedly in conflict with decisions of this Court and another district court. Fla. Const. Art. V, § 4, F.S.A.; Steinhauer v. State, 206 So.2d 25 (3d Dist.Ct.App.Fla. 1968).
We must decide whether In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), applies retroactively to a waiver of jurisdiction hearing in a Florida juvenile court.
Respondent, Jerry Lee Steinhauer, was a juvenile, age sixteen, when arrested. Pursuant to Fla. Stat. § 39.02 (1965), F.S.A. he was promptly taken before a juvenile court for a hearing. He was bound over to the Criminal Court of Record of Dade County following a voluntary waiver of the jurisdiction of the juvenile court. During the hearing on waiver, respondent was not represented by counsel. There is no showing that he was advised of a right to counsel.
On October 18, 1966, respondent was adjudged guilty in the Criminal Court of Record upon two, two-count informations which charged him with breaking and entering felonies. He was sentenced to consecutive five year terms upon each information.
On January 11, 1967, respondent filed a petition for relief pursuant to former Criminal Procedure Rule Number I, now Cr.P.R. 1.850, 33 F.S.A. This is Florida's procedure for post-conviction relief. On February 2, 1967, the respondent amended this petition. In his amended petition he raised two points contesting the validity of his conviction and sentence. His first contention was that he was coerced into waiving the jurisdiction of the juvenile court. His second was that he was not advised of his right to counsel, nor did he have counsel, at the hearing in the juvenile court when he waived that court's jurisdiction. On February 10, 1967, the Criminal Court of Record of Dade County denied the post-conviction application. Respondent appealed this denial to the Third District Court of Appeal.
The District Court stated that it dealt solely with the following issue:
"The critical question presented upon this appeal is whether a 16-year-old boy is entitled to counsel in the Juvenile Court at a hearing where he waives the jurisdiction of the Juvenile Court." Steinhauer v. State, 206 So.2d 25, 26 (3d Dist.Ct.App.Fla. 1968).
Relying on In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and *216 Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the District Court on December 12, 1967, reversed the trial court. It held that a juvenile has a right to the assistance of counsel in a juvenile court at a hearing when he elects to waive the jurisdiction of that court. It held this to be a right guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution. The District Court also felt that Gault and Kent apply retroactively in favor of respondent by analogy to the application of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963), and under Johnson v. New Jersey, 284 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), and Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966). This view was reaffirmed on rehearing.
On petition for certiorari the State claims that Steinhauer v. State, supra, is in direct conflict with decisions of other district courts and this Court. We have granted certiorari and heard oral argument because we feel that the instant decision does directly conflict with Ex parte Kitts, 109 Fla. 202, 147 So. 573 (1933), and Sult v. Weber, 210 So.2d 739 (4th Dist.Ct.App. Fla. 1968). It likewise conflicts with obiter dictum in In re T.W.P., 192 So.2d 482 (Fla. 1966). See Sunad, Inc. v. City of Sarasota, 122 So.2d 611 (Fla. 1960).
The conflict derives from the following statements in Steinhauer, supra:
"We interpret what was said in Gault and Kent, when read together, to mean that the basic requirements of the due process clause of the Fourteenth Amendment require assistance of counsel whether it results in a transfer order or a commitment order. The purpose for creating juvenile courts was not to deprive a juvenile of his rights but to ameliorate the harshness of the criminal law." Id. 206 So.2d at 27.
"Therefore, we feel that the ruling in Gault must apply to cases both prospectively and retroactively." Id. 206 So.2d at 27-28. (Emphasis added)
The District Court thus held that Florida Juvenile Courts are analogous to criminal courts in certain fundamental aspects. It held that juveniles when appearing before juvenile courts, whether for transfer or commitment, have certain fundamental, organic rights characteristic of criminal proceedings. Illustrative is the right to be represented by counsel at all critical stages in juvenile court proceedings. In Kitts, though not factually on point because the issue was whether a juvenile has the right to trial by jury in a juvenile court, we held:
"Juvenile Courts and judges have no criminal jurisdiction, nor have they any jurisdiction to try and adjudge any person, whether a minor or not, guilty of the violation of a city or town ordinance." Id. 147 So. at 575. (emphasis added)
The conflict of law is direct though the cases are factually dissimilar. In Steinhauer by asserting the right to have counsel in juvenile courts, the District Court followed Gault, which had applied this Sixth Amendment right to the states through the due process clause of the Fourteenth Amendment of the Constitution of the United States. The Sixth Amendment reads in part: "In all criminal prosecutions, * * * the accused shall * * have assistance of counsel for his defense." Thus, under the Sixth Amendment, the right to have the assistance of counsel vests in an individual only in "criminal prosecutions." Since under the Steinhauer rule juveniles appearing in juvenile courts must have counsel, then obviously under that rule it would follow that juvenile courts in Florida do exercise a measure of criminal jurisdiction. Thus, the direct conflict between Steinhauer and Kitts becomes apparent.
*217 In T.W.P., this Court by obiter dictum stated:
"Furthermore, the juvenile proceedings herein are not criminal proceedings and no stigma attached to Appellant growing out of such proceedings which would justify reaching back of the release and vitiating the adjudication in the juvenile court." Id. 192 So.2d at 482. (Emphasis added)
T.W.P. was never adjudicated on its merits because the juvenile had been released from custody and the issue of lack of counsel at the juvenile court hearing had become moot. Nevertheless, this Court simply re-enforced its earlier opinion in Kitts by holding that "juvenile proceedings herein are not criminal proceedings." The District Court in the present case says that juvenile courts are criminal proceedings when it comes to the need for counsel.
Since the case at bar was filed in this Court on February 1, 1968, the Fourth District Court of Appeal has decided a case that is directly in conflict with Steinhauer. Sult v. Weber, 210 So.2d 739 (4th Dist.Ct.App.Fla. 1968). The only factual difference is that instead of dealing with a waiver hearing in a juvenile court, Sult deals with the right to counsel in a juvenile court delinquency hearing. The Fourth District Court held Gault is definitely not retroactive. The Court stated:
"Following the reasoning given for applying prospective limitations in the above-cited cases, we venture to hold that application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, is not applicable in collateral attack on pre-Gault judgments, and the judgment appealed from is reversed." 210 So.2d at 749.
Steinhauer is therefore in direct conflict with two prior decisions of this Court and, also, a decision of another district court of appeal subsequently entered. We take jurisdiction to resolve the conflict.
Several aspects of the instant matter are of significance. They should be retained in mind as we proceed to a decision. They are:
(a) The current attack is collateral. It is not a proceeding for direct review.
(b) A Florida juvenile court waiver proceeding does not require a determination of delinquency or incarceration as an incident to waiver. It involves no decision on the merits.
(c) No attack on the waiver was made after the cause was transferred to the criminal court and was pending trial there with the assistance of counsel.
An accurate perspective of the problem is also illumined by certain dates.
The waiver hearing in the juvenile court was held on August 23, 1966. Informations charging the crimes were filed August 30, 1966, and September 7, 1966. Respondent pleaded not guilty. He was tried and convicted by the criminal court on October 18, 1966. The decision in Kent was announced on March 21, 1966. The decision in Gault was announced May 15, 1967. The application for post-conviction relief in the instant case was denied on February 10, 1967.
Kent v. United States, supra, was decided entirely on the basis of the District of Columbia Code. While it involved certain aspects of a waiver hearing under the Code, it did not demand, nor produce, far reaching constitutional considerations. Indeed, the Supreme Court expressly circumscribed its rule of decision by refusing "to accept the invitation to rule that constitutional guaranties" applicable to adults charged with serious offenses must be applied to juvenile court proceedings. The Court specifically announced that the "Juvenile Court Act and the decisions of" the *218 Court of Appeal "provide an adequate basis for decision of this case, and we go no further." 383 U.S. at 556, 86 S.Ct. at 1055. Kent, supra, also presented the problem for review in direct ascendancy of appellate jurisdiction. It was not a collateral attack, and counsel for the juvenile complained both in the juvenile court and by a motion to dismiss preliminary to the criminal trial in the District Court. 383 U.S. at 557, n. 28, 86 S.Ct. 1045.
It is clear, therefore, that the decision in Kent lacking, as it did, constitutional dimensions was not a precedent contrary to the holding of the trial court on the post-conviction motion at bar. It was not until May 15, 1967, that the Supreme Court crystalized the statutory implication of Kent into constitutional standards in Gault. In the latter decision, the Court conceded that Kent had presented a problem in statutory construction rather than constitutional application. It then adapted its views on statutorily created protections to broad constitutional protected guaranties. By a process of judicial metastasis it proliferated Kent implications into Gault mandates. Thus, it is that the parties here agree that the instant decision of the District Court of Appeal can be sustained only if Gault can be applied retroactively.
The petitioner here concedes that since Gault on May 15, 1967, a juvenile is constitutionally entitled to the assistance of counsel in both waiver and delinquency hearings. Gault actually involved a delinquency hearing which resulted in commitment of the juvenile to the State Industrial School. However, in its comprehensive sweep it updated Kent implications with reference to waiver hearings. Again we remind that the case before us involves only a waiver hearing which under Florida law does not inexorably lead to a jail or detention home. Although in futuro the assistance of counsel at such a hearing is required, the hearing is not attended by such "awesome consequences" as to necessitate a retroactive application of Gault pronouncements. An analysis of decisions of the Supreme Court announcing rules relative to retroactivity of newly recognized rights leads us to this conclusion. In assessing our responsibility in this regard we have extracted various guidelines from these decisions. We are led initially to Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). We are there told that newly recognized rights to the assistance of counsel and warnings of constitutional protections during in-custody interrogations as announced in two landmark decisions would not be retroactively applied. See Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).
We learn from Johnson v. New Jersey, supra, "that the choice between retroactivity and nonretroactivity" does not turn on the provision of the Constitution or the value of the organic guarantee involved. It must de decided in each case by "looking to the peculiar traits of the specific `rule in question.'" 384 U.S. at 728, 86 S.Ct. at 1778. The Supreme Court there indicates that a critical element in determining retroactivity is the impact of the new rule on the reliability of the fact-finding process. For example, in a Florida juvenile court waiver hearing, the reliability of the ultimate fact-finding process is not measurably affected by the presence or absence of counsel. This is so in the absence of some damaging admission by a juvenile subsequently used against him. The actual fact-finding process begins with the subsequent proceeding in the criminal court at which time the juvenile, like an adult, is constitutionally entitled to counsel. Our conclusion here applies only to a waiver of jurisdiction hearing. We are not called upon to decide, nor do we decide, the more compelling issue of the retroactivity of Gault in determination of delinquency or juvenile commitment hearings.
*219 In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the Supreme Court held non-retroactive U.S. v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), which announced the right of an accused to the assistance of counsel when being subjected to out-of-court identification by a witness. It stated that the guiding criteria announced in Johnson v. New Jersey, supra, necessitates consideration of "(a) the purpose to be served by the new standards, (b) the extent of the reliance of law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards". Id. at 296-297, 87 S.Ct. at 1970. See Johnson, supra, at 727, 86 S.Ct. 1772.
When we consider the Steinhauer waiver hearing in the light of these criteria, we again reach a conclusion adverse to the retroactive application of Gault.
The purpose of the new standard as applied to waiver hearings is merely to accomplish a broad aspect of fairness and to guard against possible abuses of juveniles in preliminary stages of the juvenile court proceedings. Actually, at this stage of the proceeding the fact-finding process, in the sense of a truth-determining medium, is seldom involved. Furthermore, until Gault, juvenile courts  and courts generally  had little, if any, indication that this far-reaching new waiver standard was in the making. They had relied, with full justification, on established authoritative distinctions between juvenile and criminal court requirements. Finally, to apply the new rule retroactively, of course, would require extensive reconsiderations of juvenile waiver orders and subsequent criminal court trials in all fifty states. The new waiver standard does not substantially affect the guilt or innocence of the juvenile. Presumptively, at least, he is subsequently tried with all of the constitutional safeguards accorded adults. The sanctity of the fact-finding process as a foundation for guilt or innocence is simply not involved in the juvenile waiver and transfer proceeding.
In Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), the Supreme Court held non-retroactive the so-called "prosecution no comment rule" on defendant's failure to testify as laid down in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). In Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the reasonable search and seizure exclusionary of evidence rule announced in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1961), was held to be prospective only and, therefore, not retroactive.
For various reasons all of these new standards as announced in such landmarks as Escobedo, Miranda, Griffin, Gilbert, Wade and Mapp were held to be prospective only. The common thread running through them is that a refusal to apply them retroactively does not severely endanger the truth-finding process; that the probability of having convicted the innocent is remote; and that employment of theretofore existing standards is a reasonably reliable device for arriving at the truth, despite announced improvements available under the new standards.
The right to counsel cases, such as Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); and Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); all recognized the essentiality of the assistance of counsel as a facility in the fact-finding and truth-determining process. They could be analogous to juvenile court hearings for determination of delinquency with attendant commitment to detention. As stated, however, we do not reach this problem in the matter at hand.
*220 In re Whittington, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625 (1968), involved a direct, not a collateral assault, on Gault grounds. The problem of retroactivity was not an element. The United States Supreme Court did not retroactively apply Gault. It merely remanded a direct appellate situation to a state court for reconsideration in the light of Gault.
Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), condemned the practice of allowing in evidence an extrajudicial confession of a co-defendant inculpating a non-confessing joint defendant, even though the jury was instructed to disregard the confession of the former as against the latter at the joint trial. This holding was applied retroactively in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). The Roberts Court recognized the Johnson v. New Jersey, supra, criteria. It merely held that the allowance of the confession of the codefendant resulted in a serious flaw in the fact-finding process which entered into the very basis of a fair trial "because the procedural apparatus never assured the [non-confessing defendant] a fair determination of his guilt or innocence." The serious risk of the unreliability of old standards in the actual determination of guilt or innocence was of controlling persuasion in the Court's judgment. This holding does not militate against our instant judgment.
The District Court of Appeal relies in a measure on Black v. United States, 122 U.S.App.D.C. 393, 355 F.2d 104 (1965). It is not helpful because Black involved direct appellate review and not collateral attack. Retroactivity claims were not at stake.
Some reliance is also placed upon Application of Billie, 6 Ariz. App. 65, 429 P.2d 699 (1967), and Marsden v. Commonwealth, 352 Mass. 564, 227 N.E.2d 1 (1967). Both of these cases involved delinquency and commitment hearings with ensuing confinement. In the retroactivity equation we have distinguished this category of situation from the mere waiver of jurisdiction phase which is followed by a full hearing with assistance of counsel before any commitment to detention can be adjudicated. Cradle v. Peyton, 208 Va. 243, 156 S.E.2d 874 (1967), distinguishes between a certification, or waiver, order and a confinement order. It holds that Gault is not retroactive. It expresses doubt that Gault elevated the Kent ruling to constitutional status.
In passing we have noted that following the waiver of juvenile court jurisdiction, Steinhauer was tried in the criminal court, presumptively with the assistance of counsel. At no time during the criminal court proceeding prior to conviction is it indicated that there was any objection to the juvenile court waiver. There is room for an argument that Steinhauer with the assistance of counsel thereby waived any possible post-conviction objection to the juvenile court aspect of the matter. Sardinia v. State, 168 So.2d 674 (Fla. 1964).
Accordingly, the decision of the District Court is quashed, and the cause is remanded to that Court for further proceedings consistent herewith.
It is so ordered.
CALDWELL, C.J., and ROBERTS and DREW, JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
It appears to me that the circumstances in this case warrant giving In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, retroactive application. See Heryford v. Parker, 396 F.2d 393 (10 Cir.), decided June 14, 1968.