ERVIN, Chief Justice
(dissenting).
The following is a summary of the factual posture of this cause as gleaned from the documents submitted.
On April 13, 1967, an information was filed in the Criminal Court of Record of Orange County charging Petitioner Johnson with the offense of robbery. He was arraigned and entered a plea of not guilty. On May 8, 1967 Petitioner appeared before the trial judge and in the presence of his court-appointed attorney changed his plea from not guilty to guilty. The following colloquy appears in the transcript of this hearing:
“MR. ROBERTSON: Your Honor, as to Information Number 99082, I have a motion to make. A plea of not guilty has been entered as to this Information, and I would move the Court to allow the withdrawal of that plea and institute a plea of guilty.
“THE COURT: Roderick Johnson, you have heard the statement of your attorney to the request to enter a plea of guilty as to Information 99802, charging you with robbery.
“THE DEFENDANT: Yes, sir.
“THE COURT: Is that your personal, voluntary desire?
“THE DEFENDANT: Yes.
“THE COURT: Are you entering a plea without the promise of leniency by anyone?
“THE DEFENDANT: Yes, sir.
“THE COURT: Nothing has been promised you in any way, shape or form to enter this plea.
“THE DEFENDANT: No, sir.
“THE COURT: Based upon your advice and of consultation with your counsel, do you voluntarily enter a plea of guilty to this charge ?
“THE DEFENDANT: Yes, sir.
“THE COURT: Based upon the statement of the Defendant, the Court will accept his plea of guilty to Information Number 99802, and set aside the previous plea of not guilty. * * * ”
Following the acceptance of Petitioner’s guilty plea, witnesses were called and Petitioner was adjudged guilty and sentenced to twenty-five years imprisonment.
Petitioner apparently did not attempt to directly appeal his conviction, but in September, 1968 filed a motion to vacate judgment and sentence under Rule One (now R.Cr.P. 1.850, 33 F.S.A.). The trial court denied this motion and an appeal to the Fourth District Court of Appeal resulted in the following decision:
“Defendant questions the denial of his motion to vacate judgment and sentence pursuant to Criminal Procedure Rule One (now Rule 1.850, 33 F.S.A.) on the ground that the record does not show that the trial court informed him as to the consequences of his guilty plea.
“After carefully reviewing the record, in light of the law applicable at the time *592 Johnson entered the guilty plea, we find his argument without merit.
“Affirmed on the authority of Red-dick v. State, Fla.App.1966, 190 So.2d 340.” Johnson v. State, Fla.App.1969, 226 So.2d 855.
As a basis for relief sought in the instant petition for habeas corpus, Petitioner contends the trial court erred in accepting his guilty plea without inquiring as to whether Petitioner understandingly as well as voluntarily entered his plea. Petitioner in effect asserts that it was constitutionally incumbent on the trial court, prior to acceptance of the guilty plea, to advise Petitioner of the consequences of his plea in terms of his right to trial by jury and the permissible range of sentence for the offense charged. Petitioner further contends he is entitled to the relief sought since the record fails to show affirmatively that the trial court advised Petitioner of his constitutional rights and the consequences of his guilty plea prior to acceptance thereof. Petitioner cites Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in support of the latter contention. As factual support for the above contentions, Petitioner alleges that at the time he entered his guilty plea, he did not know the consequences of such a plea and that had he known he would or could have received the sentence imposed, he would have requested a jury trial, assuming the court had properly advised him of his constitutional rights and the effect of a guilty plea thereon.
In its return to this cause, Respondent asserts Petitioner’s sole right to relief hinges on the question of whether the holding in Boykin v. Alabama, supra, requires retroactive application. Respondent submits the Boykin case was decided June 2, 1969 and should not be retroactively applied to encompass the instant arraignment proceedings relevant to Petitioner’s guilty plea which occurred on May 8, 1967. In a supplemental return, Respondent has submitted an affidavit of Petitioner’s trial counsel to the effect Petitioner was “personally interviewed numerous times by the Affiant and was advised that he had a right to a trial by jury and was further informed that the maximum sentence that could be received by him was a life imprisonment.”
In order to propertly resolve the instant controversy, I think it is imperative initi-tially to lay bare if possible the precise import of Boykin v. Alabama, supra.
In the Boykin case the United States Supreme Court noted that a plea of guilty in a state criminal proceeding involves the waiver of several Federal constitutional rights, i. e., the privilege against compulsory self-incrimination, the right to trial by jury, and the right of confrontation. The Court further noted the recognized principle that the question of effective waiver of a Federal constitutional right is governed by Federal standards. Joining these two propositions, the Court explicitly recognized that a plea of guilty must be voluntarily, knowingly, and intelligently made in order to satisfy requirements of Federal due process.[1] The foregoing enu *593 merated principles of the Boykin case, however, do not represent the evolution of a new Federal constitutional rule. Rather, they represent only a codified analysis or, at best, a mere refinement of previously announced Federal standards. See Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1926). Thus, prior to the arrival of Boykin, supra, the confines of prevailing principles of Federal due process, which are equally controlling in state criminal proceedings, required guilty pleas to be made voluntarily, intelligently, and understandingly as a prerequisite to validity. Therefore, so far as concerns application of the. above delineated Federal requirements to the instant controversy, it seems to me this Court is not faced with the issue of retroactivity.
I now pass to the evolutionary feature of the Boykin decision, i. e., the precise holding of Boykin, the attempted application of which to the present case directly postures the retroactivity issue. After reviewing principles pertaining to waiver of Federal constitutional rights, the United States Supreme Court in the Boykin case concluded reversible due process error occurs when a plea of guilty is accepted in a state criminal proceeding and the record does not disclose affirmatively that the defendant voluntarily, understandingly, and intelligently entered such plea. In reaching this conclusion the Court in effect extended to guilty pleas the holding and rationale of Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1961), that a presumption of waiver from a silent record is impermissible.
I would agree the evolutionary feature of Boykin, requiring as an indispensable condition to validity an affirmative record showing that a guilty plea was entered voluntarily, intelligently, and understandingly, should not be applied retroactively. In this respect I consider persuasive the holding in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), denying retroactive status to McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Although the McCarthy rule was adopted in the exercise of the Court’s supervisory power to correct untoward applications of Rule 11, Fed.Rules of Criminal Procedure, and therefore was not a constitutionally mandated procedure, I am unable to appreciably distinguish operative dissimilarities between the McCarthy holding and its constitutional counterpart in Boykin. Accordingly, the analysis of the purpose of the McCarthy rule contained in Halliday, supra, in terms of the current criteria for determining retroactivity status appears persuasively controlling of the Boykin rule in this particular. Furthermore, a nonretro-active application of Boykin is logically consistent with the principles adopted as controlling in our own decision in State v. Steinhauer (Fla.1968), 216 So.2d 214.
I return now to an analysis of the instant situation measured in accordance with the above-cited principles.
As is evidenced by the arraignment colloquy recited above, the trial court’s inquiry concerning Petitioner’s guilty plea was principally, if not entirely, postured to ascertain whether such plea was entered voluntarily. The inquiry by the trial court, however, fails to properly explore and to affirmatively show, as required by Boy-kin, that Petitioner also entered his guilty plea intelligently and understandingly. Since, however, Boykin is not entitled to retroactive status, this failure of the record inquiry to present a satisfactory affirmative showing does not operate to require automatically a vacating of Petitioner’s conviction, with leave to plead anew. This conclusion, however, should not totally preclude us from affording relief commensurate with a proper factual determination of Petitioner’s allegations.
As heretofore discussed, the innovative constitutional feature of Boykin simply re *594 quires an affirmative record showing that a guilty plea is entered voluntarily, intelligently, and understandingly, and holds the want of such a record showing invalidates the plea entered. Thus, even absent a retroactive application of Boykin to the instant fact • situation, controlling authority and principles existing at the time Petitioner’s guilty plea was entered require the same to be vacated and his conviction thereon set aside, if Petitioner can successfully muster a factual showing that his plea was not in fact voluntarily, intelligently, and understandingly entered. As I construe the record before us, including Petitioner’s resort to Rule 1.850, and the District Court’s disposition thereof, I am convinced a proper factual inquiry and determination has not been made at this juncture as to whether Petitioner’s guilty plea was intelligently and understandingly entered, in addition to being voluntary. Since the evidence before us, including the affidavit of Petitioner’s court-appointed counsel, is not factually conclusive of these questions, I think it necessary to refer the instant case to a commissioner for the appropriate factual determination. Accordingly, I would appoint a commissioner, with directions to take such testimony and make such inquiry as shall be deemed necessary to resolve whether Petitioner intelligently and understandingly entered his guilty plea as constitutionally required, and thereafter with all convenient speed report the same, together with his findings and recommendations to this Court.
Although the Court majority discharges the writ without an evidentiary hearing on the answer, I think it may be helpful in what appears to be an appropriate case if for no other purpose, to set forth in this dissent, for the attention of the Florida bench, findings gleaned from research herein of recent Federal cases that may be of value and avoid error in accepting guilty pleas.[2]

. See Boykin, supra, 395 U.S. at 243, N-5, 89 S.Ct. at 1712, where the Court quoted approvingly from McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), as follows:
“ ‘A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be an “intentional relinquishment or abandonment of a known right or privilege.” Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Consequently, if a defendant’s guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a quilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. Id., at 466, 58 S.Ct. 1019.’ ”

. See also, University of Florida Law Review, Yol. XXII, Number 3, Winter 1970, page 453, et seq.